UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. |
| | : | |
| v. | : | |
| | : | **(UNDER SEAL)** |
| **TRACY AMBERS** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO SEAL THE PLEA PROCEEDINGS, ALL DOCUMENTS RELATED TO THE PLEA AND ANY TRANSCRIPT THEREOF AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the plea, plea proceedings, and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to Count One of an Information, which is being filed today, charging one count of 21 U.S.C. Section 846. A copy of the plea agreement is attached hereto as Exhibit A.

The sealing is necessary because the attached plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of the plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning the defendant's pending case in this

District, as well as the fact of the defendant pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue her cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general and the (the government believes) defendant's former associates in particular.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea agreement and all

other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel has been advised of the contents of this motion and has informed the undersigned prosecutor of defense counsel's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

    Respectfully submitted,

    KENNETH L. WAINSTEIN.
    United States Attorney
    Bar No. 451-058

By:    DARLENE M. SOLTYS
    Bar No. 431-036
    JOHN P. DOMINGUEZ
    Bar No. 949-809
    Assistant United States Attorneys
    555 4th Street, N.W.
    Washington, D.C. 20530

CERTIFICATE OF SERVICE

      I hereby certify that a copy of this motion has been served by U.S. Mail, postage prepaid, and by fax on counsel for the defendant,

this _____ day of _____, 2005.

 

_____
DARLENE M. SOLTYS
ASSISTANT UNITED STATES ATTORNEY