UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 05-291 (RMC)** |
| v. | : | |
| | : | |
| **TRACEY AMBERS,** | : | |
| Defendant. | : | Under Seal |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION FOR REVOCATION OF BOND
AND IMPOSITION OF PRE-TRIAL DETENTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in support of its motion to revoke the conditions of release previously imposed on the defendant, to order pre-trial detention pending sentencing, or to conduct a hearing on this motion.

1. On August 19, 2005, in a sealed proceeding before this court, the defendant entered a plea of guilty to a criminal information charging conspiracy to distribute and possess with the intent to distribute more than one hundred grams of a mixture and substance containing PCP, in violation of 21 U.S.C. §846. The court accepted her guilty plea and released her pending sentencing. The release order imposed a number of special conditions, among which required that the defendant violate no criminal laws. Additionally, the defendants written plea agreement, in which she agreed to cooperate with law enforcement officials, required that the defendant comply with the law pending sentencing. The plea agreement expressly stated that if the defendant violated the law, the Government could move for an immediate revocation of bond.

2. On November 23, 2005, the Loudon County, Virginia police arrested the defendant at a motel in or near Leesburg. She was in the company of a male, who was also arrested and charged. The defendant was arraigned in Virginia on the charge of possession with intent to distribute cocaine. The Government would have notified the court earlier but we encountered some delays in learning the details of the arrest. Apparently, the arresting officer was involved in a traffic accident after her arrest and returned to regular duties on December 8, 2005. According to a telephone conversation with Det. Dale Dupoy on December 8, 2005, the defendant was arrested in a motel room at 2:20 a.m. with a person believed to be her ex-boyfriend. The detective reports that Loundon County police had received numerous complaints from the hotel management that drug traffickers were renting rooms in the motel, then making calls to customers who would travel to the motel and purchase drugs at the motel. On November 23, Detective Dupoy responded to a complaint from the motel management that odors were emanating from the room occupied by the defendant. The detective proceeded to the room accompanied by a motel official who had a master key. The Detective smelled an odor coming from the door consistent with the odor of smoked crack cocaine. He knocked on the door and identified himself as police. He could hear voices inside, but no one made an effort open the door. He heard footsteps proceed to the bathroom, then he heard a sound reminiscent of the sound that a toilet bowl cover makes when it hits the ceramic toilet tank. Fearing that suspects were attempting to conceal evidence by flushing it down the toilet, he had the motel agent open the door. Detective Dupoy observed two people in the room, including the defendant who was fully clothed but alone in the bathroom. From the toilet bowl, he recovered multiple separate zip lock bags containing numerous rock like substances of what field tested positive for cocaine crack. The total weight of the cocaine crack was estimated to be 15 grams. The only other

occupant was a male, and he was clothed but sitting on the bed and he appeared to be under the influence of some drug or intoxicant. Ms. Ambers however, appeared to be oriented and appropriately responsive. Ms. Ambers made a statement that the drugs belonged to her boyfriend and that she did not know anything about them. The male was too disoriented to make a statement.

    3. We have notified Virginia law enforcement that Ms. Ambers's case is under seal as neither the detective or the State prosecutor knew that Ms. Ambers was on release pending sentencing for a drug conspiracy offense when she was arrested on November 23.

    4. The defendant appears to be in compliance with other provisions of her release conditions. Nevertheless, the November 23 arrest and surrounding facts demonstrate cause to find the defendant has violated her conditions of release and has committed a breach of the plea agreement.

    5. Revocation of bond is appropriate under these circumstances, first for violations of the court's release conditions, and secondly because the arrest constitutes a material breach of the plea agreement and the special circumstances justifying her continued release are no longer viable. Consequently, under 18 U.S.C. §3143, she should be held without bond pending sentencing.

    6. As of December 8, 2005, Virginia authorities had only arraigned the defendant, but had not yet conducted a preliminary hearing. Detective DuPoi is prepared to testify at a hearing before

this court, if the defendant challenges these facts or if the court is otherwise inclined to conduct a hearing.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN
                              United States Attorney
                              Bar No. 451-058

By:    DARLENE M. SOLTYS
        Bar No. 431-036
        202-514-8147

        JOHN P. DOMINGUEZ
        Bar No. 959-809
        202-514-7060
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530

## Certificate of Service

I certify that on this 9th day of December , 2005, a copy of the foregoing motion and supporting memorandum was served on counsel for the defense:

Geralyn R. Lawrence
1250 H Street, N.E.
Suite 101
Washington, D.C. 20002
.fax: 202-399-7195

                              _____
                              John P. Dominguez and Darlene M Soltys